Kupele *et al. v.* J. Sumner *et al.*

## SUPREME COURT—IN BANCO.

## JANUARY TERM, 1880—IN EQUITY.

*Harris, C. J., and McCully, J.*

KUPELE ET AL. *vs.* J. SUMNER ET AL.

ON APPEAL.

W. S. CONVEYED HIS LAND to his brother J. S. by deed dated February 3, 1876, duly recorded. The daughter of W. S. made a lease of the land to plaintiffs dated December 27, 1876;

HELD, the lease was not good as against the prior conveyance, a majority of the Court finding that J. S. had made no representation to plaintiffs to induce them to believe that the daughter of W. S. had authority to deal with the land;

*Also*, an equity which would procure an injunction in equity could create an estoppel in law;

*Also*, an injunction in equity will not be granted against a judgment by consent with full knowledge of the facts.

OPINION OF JUDD, J., APPEALED FROM.

I think that upon the proofs the allegations of the bill are sustained. The respondent John Sumner represented to the petitioners that his niece (Kaikamahine) was to have the authority over the land in question, and to be its lord (haku), giving as a reason that he was going away to Tahiti, and his brother William was a leper, and would soon be sent to Molokai.

On this assurance of representation both the petitioners and Nancy Ellis acted in good faith, and made the lease in question. I think it was incumbent upon him to have notified these people that he had revoked the authority given to Nancy before he left for Tahiti. They having acted upon it, he is now estopped to deny the authority given and the validity of

the lease made in pursuance of it. He is therefore bound by it.

As to William Sumner, I am inclined to believe that he ratified the lease when it was his duty to have disclaimed the authority of his daughter to make it. It is true that the authority to Mr. Cartwright was at that time recorded and that would be notice to third parties, but not necessarily to the parties to the negotiation, for they had received no suggestion from any of the respondents to put them upon inquiry. For these reasons I find in favor of the petitioners and grant the several prayers of their bill.

A. S. Hartwell for petitioners.

C. Brown for respondents.

Honolulu, October 25, 1879.